# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

WILLLIAM R. TINNERMAN,

        Plaintiff,

v.

        Case No. 3:19-cv-1429-TJC-PDB

UNITED STATES OF AMERICA,[1]

        Defendant.

## ORDER

    This tax case is before the Court on the United States' Motion to Dismiss plaintiff William R. Tinnerman's First Amended Complaint (Doc. 30). Tinnerman responded (Doc. 31), the government filed a reply (Doc. 34), and Tinnerman filed an amended sur-reply (Doc. 39). The Court has determined that oral argument is not necessary.

    In his first amended complaint (Doc. 29), Tinnerman raises four counts. In his first count, Tinnerman seeks judicial review under the Administrative Procedure Act ("APA") of the IRS's decision to deny his requests for an administrative appeal and for a hearing to contest determinations related to his

---

[1] The Court rejects as frivolous Tinnerman's effort to claim that he is suing "the United States," not "the United States of America." <u>See, e.g.</u>, Doc. 31 at n.1. Nonetheless, the Court uses the terms interchangeably in this order (as well as "the government" or "the IRS") and no meaning should be taken from that.

1999, 2000, 2001 and 2002 tax returns. In his second count, Tinnerman seeks declaratory, injunctive, and mandamus relief from a certification that he has a "seriously delinquent tax debt." In his third count, Tinnerman seeks to recover sums "illegally assessed as taxes" for 1999. And in his fourth count, Tinnerman seeks to recover sums "illegally assessed as taxes" for 2000.[2] The government moves to dismiss the first, third, and fourth counts for lack of subject matter jurisdiction under Rule 12(b)(1) and moves to dismiss the second count for failure to state a claim under Rule 12(b)(6).[3]

## I.   Analysis

The government's Rule 12(b)(1) challenge is a facial attack, meaning the government is "challeng[ing] whether [Tinnerman] has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Kennedy v. Floridian Hotel, Inc., 998 F.3d 1221, 1230 (11th Cir. 2021) (quotation and citation omitted). With the government's Rule 12(b)(6) challenge for failure to state a claim, the Court

---

[2] Tinnerman's amended complaint improperly incorporates into each count all preceding factual allegations. See, e.g., Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320-24 (11th Cir. 2015) (describing varieties of "shotgun pleadings"). However, the legal theories supporting each count are sufficiently distinct such that the government and the Court have not been hindered by this defect.

[3] The government alternatively moved to dismiss Counts I, III, and IV for failure to state a claim. Because the Court finds it has no subject matter jurisdiction to decide those claims, it does not reach this alternative ground.

accepts all well-pleaded factual allegations as true, drawing all reasonable inferences in the plaintiff's favor. Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1328 (11th Cir. 2006). "To survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### A. Count I

In Count I, Tinnerman alleges that IRS agents proposed deficiencies of his 1999, 2000, 2001 and 2002 tax returns; Tinnerman protested the proposed deficiencies and requested a hearing; his requests were denied; the agents presented him with substitute returns; he refused to sign them; the IRS certified substitute returns; the IRS issued statutory notices of deficiency for 1999, 2000, 2001 and 2002; Tinnerman sought review in the United States Tax Court and lost,[4] resulting in a deficiency judgment, which he did not appeal. Tinnerman alleges the IRS was without authority to take each of these actions because he did not owe the underlying taxes and the Tax Court therefore lacked subject matter jurisdiction over the deficiency case. He seeks judicial review under the APA.

---

[4] See Tinnerman v. Comm'r, 2006-250, 2006 WL 3299074, at *7 (Nov. 14, 2006) (finding Tinnerman liable for the deficiencies for 1999 through 2002, and imposing a $10,000 penalty for Tinnerman's "persist[ence] in raising frivolous tax protester arguments").

3

The government argues the Court has no subject matter jurisdiction because the United States has not waived its sovereign immunity, and because the Anti-Injunction Act (26 U.S.C. § 7421) and the Declaratory Judgment Act (28 U.S.C. §§ 2201-02) bar the relief Tinnerman seeks. Tinnerman, as the plaintiff, bears the burden of showing that the government has waived sovereign immunity. Zelaya v. United States, 781 F.3d 1315, 1322 (11th Cir. 2015); see also United States v. Sherwood, 312 U.S. 584, 586 (1941) ("[T]he terms of [the government's] consent to be sued in any court define that court's jurisdiction to entertain the suit."). "If there is no specific waiver of sovereign immunity as to a particular claim filed against the Government, the court lacks subject matter jurisdiction over the suit." Zelaya, 781 F.3d at 1322.

Tinnerman alleges the Court has subject matter jurisdiction as to Count I under 28 U.S.C. § 1331 (federal question jurisdiction) and alleges the government has waived its sovereign immunity via the APA, 5 U.S.C. § 702. See Amended Complaint (Doc. 29) at ¶¶ 3, 4. The relief Tinnerman seeks is judicial review of a decision by the Tax Court related to the assessment and collection of Tinnerman's tax liabilities for 1999, 2000, 2001 and 2002. Tinnerman can only succeed on this count if the Court voids that court decision. But the Anti-Injunction Act (which prohibits suit to restrain the assessment or collection of taxes) and Declaratory Judgment Act (which likewise bars relief in suits involving federal tax matters) both preclude the Court from taking that

4

action. See Alexander v. Americans United Inc., 416 U.S. 752, 760 (1974) (discussing "sweeping" prohibitions of Anti-Injunction Act which deprives federal courts from hearing any suit for the purpose of restraining the assessment or collection of any tax); Gulden v. United States, 287 F. App'x 813 (11th Cir. 2008) (holding court lacked subject matter jurisdiction under Anti-Injunction Act to hear taxpayer suit alleging IRS unlawfully filed substitute tax returns and made assessments thereon); Mobile Republican Assembly v. United States, 353 F.3d 1357, 1362 n.6 (11th Cir. 2003) (explaining that "the federal tax exception to the Declaratory Judgment Act is at least as broad as the prohibition of the Anti-Injunction Act"); Hancock Cnty. Land Acquis., LLC v. United States, ___ F. Supp. 3d ___, 2021 WL 3197336, at *10 (N.D. Ga. July 7, 2021) (holding Anti-Injunction Act and Declaratory Judgment Act deprived court of jurisdiction to hear suit for review of appeals office decision which would ultimately restrain activities affecting the assessment or collection of taxes), appeal docketed, No. 21-12508 (11th Cir. July 22, 2021); Slayman v. U.S. I.R.S., No. 4:19-cv-74, 2021 WL 1187081, at *2 (S.D. Ga. Mar. 29, 2021) (dismissing claims where both Anti-Injunction Act and Declaratory Judgment Act deprived court of subject matter jurisdiction, explaining that "taxes ordinarily may be challenged only after they are paid, by suing for a refund") (quoting In re Walter Energy, Inc., 911 F.3d 1121, 1136 (11th Cir. 2018)).

The Anti-Injunction Act bars this claim regardless of Tinnerman's effort to frame it as a due process issue. See United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 9-10 (2008) (explaining that taxpayer constitutional claims are subject to the prohibition against tax injunctions); Alexander, 416 U.S. at 760-61 ("[D]ecisions of [the Supreme Court] make it unmistakably clear that the constitutional nature of a taxpayer's claim . . . is of no consequence under the Anti-Injunction Act"). Nor is the Anti-Injunction Act avoided by Tinnerman's effort to mold this claim into an exception under Enochs v. Williams Packing & Nav. Co., 370 U.S. 1 (1962), which permits an exception if the taxpayer establishes both that (1) "under no circumstances could the Government ultimately prevail" and (2) equity jurisdiction exists because there is no adequate remedy at law and irreparable harm will otherwise ensue. 370 U.S. at 6-7. Here, the Tax Court has already upheld the very decision Tinnerman seeks to undo in Count I. Thus, he cannot meet the Williams Packing exception. See Gulden, 287 F. App'x at 817-18 (affirming dismissal where Williams Packing exception did not apply because the government would likely prevail in light of IRS's statutory authority to issue substitute returns). Additionally, Tinnerman has an adequate remedy at law in that he can pay his disputed tax liabilities and sue for a refund under 28 U.S.C. § 1346.[5] Because

---

[5] The Court also rejects Tinnerman's late effort in his sur-reply to recast this count as falling under 26 U.S.C. § 6213(a), a statutory exception to the Anti-

6

the Anti-Injunction Act and the Declaratory Judgment Act present a bar to this claim, section 702 of the APA does not permit a waiver of the government's sovereign immunity.[6]  See, e.g., Smith v. Booth, 823 F.2d 94, 97 (5th Cir. 1987) (finding Anti-Injunction Act and Declaratory Judgment Act barred APA review in suit challenging IRS interpretation of statute which led to IRS filing tax lien against property); Cypress v. United States, No. 14-cv-22066-WILLIAMS, 2014 WL 11268558, at *2-4 (S.D. Fla. Dec. 15, 2014) (explaining that APA's waiver of sovereign immunity is expressly excepted for statutes, like the Anti-Injunction Act and Declaratory Judgment Act, which forbid the requested relief).  Accordingly, Tinnerman has not shown that the government waived its sovereign immunity to pursue this claim and Count I must be dismissed for lack of subject matter jurisdiction.[7]

---

Injunction Act for claims that the taxpayer has not received notice of the deficiency and the opportunity for review in the Tax Court.  See Flynn v. United States ex rel. Eggers, 786 F.2d 586, 589 (3d Cir. 1986) (explaining the § 6213(a) statutory exception to the Anti-Injunction Act).  The Tax Court provided review.  Tinnerman lost and did not appeal.

[6] Likewise, section 706 of the APA does not result in a waiver of the government's sovereign immunity because Tinnerman has an adequate remedy at law.

[7] In the alternative, the Court further agrees with the government that Count I is barred by res judicata.  In addition to the 2006 Tax Court decision cited above (2006 WL 3299074), Tinnerman filed a second Tax Court case challenging the validity of the IRS's tax lien based on the 1999-2002 tax years. See Tinnerman v. Comm'r, T.C. Memo. 2010-150, 2010 WL 2766784 (July 13, 2010) (finding no abuse of discretion in filing of tax lien with respect to tax deficiencies for 1996-2002, rejecting argument that notice of deficiency was

7

**B. Counts III and IV**

As to Counts III and IV, the government likewise argues that the Court lacks subject matter jurisdiction. In these two claims, Tinnerman seeks restitution of $2,449 plus interest for taxes paid in 1999 (Count III) and $2,629 plus interest for taxes paid in 2000 (Count IV), sums which Tinnerman alleges were erroneously assessed and collected. While a taxpayer can bring a suit under 28 U.S.C. § 1346 for the recovery of taxes alleged to be erroneously assessed and collected, the taxpayer must satisfy two prerequisites: first, the taxpayer must make "full payment" of the assessed tax; and second, a claim for refund must first be filed with the IRS. Lawrence v. United States, 597 F. App'x 599, 602-03 (11th Cir. 2015) (citing Flora v. United States, 357 U.S. 63, 68-70 (1958), aff'd on reh'g, 362 U.S. 145 (1960); 26 U.S.C. § 7422(a)). Here, Tinnerman did not make "full payment" of the amount the IRS says he owed;

---

invalid, issuing warning to Tinnerman's present counsel for reckless disregard of facts and frivolous arguments, and imposing $25,000 penalty on Tinnerman for his refusal to accept the judgment of the court); aff'd, 448 F. App'x 73 (D.C. Cir. Jan. 3, 2012) (imposing additional joint $8,000 sanction against Tinnerman and his present counsel for pursuing a frivolous appeal). Tinnerman also attempted to challenge the assessment of his 1999-2002 tax liabilities through a quiet title action, which the court dismissed, in part, for lack of subject matter jurisdiction. See Tinnerman v. United States, 3:09-cv-652-J-34JBT, 2011 WL 13175593, at *10; aff'd, 460 F. App'x 892 (11th Cir. 2012). The elements of res judicata are satisfied as to Count I. See, e.g., Borrero v. United Healthcare of N.Y., Inc., 610 F.3d 1296, 1308 (11th Cir. 2010) (discussing elements of res judicata, including "an evaluation of any commonality in the nucleus of operative facts of the actions") (internal quotation and citations omitted).

rather, he paid (and seeks restitution of) the amount he decided he owed. See Doc. 3, Ex. J (showing account balance for 1999 in amount of $248,513.76 (plus accrued interest) and account balance for 2000 in amount of $203,618.57 (plus accrued interest)).[8] Thus, Tinnerman fails to satisfy the prerequisites to file suit under 26 U.S.C. § 1346 and both Counts III and IV are due to be dismissed for lack of subject matter jurisdiction. See Flora, 357 U.S. at 68-70; Lawrence, 597 F. App'x at 602.

### C. Count II

In Count II, Tinnerman seeks reversal of the IRS's certification of him as having a "seriously delinquent tax debt" for the years 1999, 2000, 2001 and 2002.[9] This designation is reported to the Secretary of State who uses it with respect to decisions regarding the taxpayer's passport. See 26 U.S.C. § 7345(a). Judicial review of this designation is permitted by statute, but is limited to determining "whether the certification was erroneous or whether the Commissioner has failed to reverse the certification." 26 U.S.C. § 7345(e). And relief is limited to ordering the Secretary of the Treasury to notify the Secretary

---

[8] Tinnerman attached only an excerpt of these documents to his amended complaint, but the full account transcripts (filed by Tinnerman as exhibits to his original complaint) reflect the amounts the IRS has determined he owes.

[9] The designation is reserved for taxpayers whose tax liability is greater than $50,000, but is adjusted for inflation beginning in tax years after 2016. 26 U.S.C. §§ 7345(b)(1)(B) and (f). The notice Tinnerman received stated his tax debt for the tax years 1999-2002 was $799,551.84.

9

of State that the certification was erroneous. Id. Tinnerman alleges the designation must be reversed because the IRS released the lien that was supported by the tax debt and because the tax debt is no longer legally enforceable based on the lapse of time.

The government moves to dismiss this count for failure to state a claim under Rule 12(b)(6), arguing that the removal of the lien does not mean the unpaid tax debt is no longer enforceable, and because the 10-year statute of limitations for collection following assessment was tolled while Tinnerman litigated the debt in Tax Court.

While the statute does require the filing of a notice of lien (and that the taxpayer's administrative rights as to such filing have been exhausted or have lapsed), 26 U.S.C. § 7345(b)(1)(C)(i), the statute does not state that the certification of a seriously delinquent tax debt is contingent on the lien remaining in place. Rather, the exceptions to certification involve the taxpayer engaging with the IRS to make payment on the debt or have a hearing, and reversal of the certification is warranted where the debt is paid in full or is legally unenforceable. 26 U.S.C. §§ 7345(b)(2) and (c). The removal of the lien does not trigger any of these and is therefore not a basis to reverse the certification.[10] Cf., McNeil v. United States, No. 20-329(JDB), 2021 WL

---

[10] The government states the purpose of the lien notice is to ensure the taxpayer has an opportunity to seek collection alternatives, which Tinnerman

10

1061221, at * 5 (D.D.C. Mar.18, 2021) (dismissing complaint on 12(b)(6) motion and rejecting argument that actual notice was a prerequisite to certification for seriously delinquent tax debt because § 7435 does not include that as an element), appeal docketed, No. 21-5161 (D.C. Cir. filed July 14, 2021); Kaebel v. Comm'r of Int. Rev., T.C. Memo. 2021-109, 2021 WL 4101702, at * 5 (Sept. 9, 2021) (holding there was "nothing erroneous in the certification" where record showed taxpayer met each criteria for certification—"That is all that was required for [the IRS] to have certified [the taxpayer] as having a seriously delinquent tax debt").

The Court further rejects Tinnerman's argument that the IRS assessments are unenforceable based on a ten-year statute of limitations. That period was tolled while Tinnerman was seeking relief in the Tax Court and remain enforceable at this time. See 26 U.S.C. §§ 6503(a)(1), 6330(e)(1); Doc. 3, Exs. J, M (exhibits filed by Tinnerman in support of his original complaint).[11]  See also Rowen v. Comm'r, 156 T.C. No. 8, 2021 WL 1197663 (Mar. 30, 2021) (rejecting challenge to certification of seriously delinquent tax debt where record confirmed limitations period had not expired).  Count II is

---

has done.

[11] Even on a Rule 12(b)(6) motion, the court may consider extrinsic documents if they are central to the plaintiff's claim, and their authenticity is not challenged. United States ex rel. Osheroff v. Humana, Inc., 776 F.3d 805, 811 (11th Cir. 2015) (citation omitted).   Here, plaintiff supplied the documents.

11

dismissed with prejudice for failure to state a claim.

## II. Conclusion

The four counts of Tinnerman's Amended Complaint are due to be dismissed. Although Tinnerman response to the motion to dismiss seeks leave to again amend his complaint in the event the Court grants the motion, the Court finds further amendment is not warranted. Tinnerman filed his amended complaint after the government moved to dismiss his original complaint so was well aware of the arguments against his positions. Further amendment would be futile.

Accordingly, it is hereby

**ORDERED**:

1. The United States' Motion to Dismiss (Doc. 30) is **granted**.

2. Counts I, III, and IV of Tinnerman's amended complaint are **dismissed without prejudice** for lack of subject matter jurisdiction and Count II is **dismissed with prejudice** for failure to state a claim.

3. The Clerk shall enter judgment in favor of the United States and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of September, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Counsel of record